# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

COREY D. CHRISTENSEN,

        Plaintiff,

    v.

ROCHELLE T. NGUYEN, ET AL.,

        Defendants.

Case No. 2:20-cv-01770-APG-DJA

**ORDER**

This matter is before the Court on Plaintiff Corey D. Christensen's Application for Leave to Proceed in forma pauperis (ECF No. 1) and Complaint (ECF No. 1-1) filed on September 21, 2019.

## I.    *In Forma Pauperis* **Application**

Plaintiff has submitted the affidavit required by § 1915(a) showing an inability to prepay fees and costs or give security for them.  Plaintiff is currently incarcerated and the Financial Certificate submitted along with his Application indicates that his inmate account has a current account balance of $0.00, an average monthly balance of $1.75, and an average monthly deposit of $71.91, although the numbers are not completely legible.  (ECF No. 1).  Based on the financial information provided, the Court finds that Plaintiff is unable to pay an initial partial filing fee.  Accordingly, Plaintiff's request to proceed in forma pauperis is granted pursuant to § 1915(a).  However, even if this action is dismissed, the full filing fee must still be paid pursuant to 28 U.S.C. § 1915(b)(2), as amended by the Prison Litigation Reform Act of 1995.  Plaintiff shall be required to make payments of 20% of the preceding month's deposits to the prisoner's account, in months that the account exceeds $10.00, until the full filing fee has been paid for this action.  The Court will now review Plaintiff's Complaint.

    / / /

1        **II.      Screening the Complaint**

2              Upon granting a request to proceed in forma pauperis, a court must additionally screen a

3    complaint pursuant to § 1915(e).  Federal courts are given the authority dismiss a case if the

4    action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted,

5    or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §

6    1915(e)(2).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter,

7    accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 129

8    S.Ct. 1937, 1949 (2009) (internal quotations and citation omitted).  When a court dismisses a

9    complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with

10   directions as to curing its deficiencies, unless it is clear from the face of the complaint that the

11   deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106

12   (9th Cir.1995).

13             Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a

14   complaint for failure to state a claim upon which relief can be granted.  Review under Rule

15   12(b)(6) is essentially a ruling on a question of law.  *North Star Intern. v. Arizona Corp. Comm'n*,

16   720 F.2d 578, 580 (9th Cir. 1983).  In considering whether the plaintiff has stated a claim upon

17   which relief can be granted, all material allegations in the complaint are accepted as true and are

18   to be construed in the light most favorable to the plaintiff.  *Russell v. Landrieu*, 621 F.2d 1037,

19   1039 (9th Cir. 1980).  Allegations of a pro se complaint are held to less stringent standards than

20   formal pleadings drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).

21             As a general matter, federal courts are courts of limited jurisdiction and possess only that

22   power authorized by the Constitution and statute.  *See Rasul v. B*ush, 542 U.S. 466, 489 (2004).

23   Pursuant to 28 U.S.C. § 1331, federal district courts have original jurisdiction over "all civil

24   actions arising under the Constitution, laws, or treaties of the United States."  "A case 'arises

25   under' federal law either where federal law creates the cause of action or 'where the vindication

26   of a right under state law necessarily turn[s] on some construction of federal law.'"  *Republican*

27   *Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (quoting *Franchise Tax Bd.*

28   *v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8-9 (1983)).  The presence or absence of

federal-question jurisdiction is governed by the "well-pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.* Here, Plaintiff alleges civil rights violations under 42 U.S.C. § 1983 based on his attorney's representation of him in connection with his arrest for intent to commit larceny on or about May 28, 2019.  He claims that attorney Matthew Lay only made one statement in arguing for his release, which did not have his best interest in mind.  Further, he indicates that his attorney failed to visit him at CCDC in the 8 months and 1 week that he was represented in the case, which appears to have been in state court.  However, because the Court finds that Plaintiff failed to properly bring a claim under Section 1983 (see discussion below), federal question jurisdiction does not exist at this time.

42 U.S.C. § 1983 creates a path for the private enforcement of substantive rights created by the Constitution and Federal Statutes. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989).  To the extent that Plaintiff is seeking to state a claim under § 1983, a plaintiff "must allege the violation of a right secured by the Constitution and the laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).  A person acts under "color of law" if he "exercise[s] power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.*

Plaintiff seeks to bring claims pursuant to 42 U.S.C. § 1983 alleging violation of his Fourteenth Amendment rights against two attorneys, Rochelle T. Nguyen and Matthew Lay for ineffective assistance of counsel.  However, well-established precedent indicates that Fourth Amendment principles, rather than Fourteenth Amendment due process principles, govern pretrial deprivations of liberty. *See, e.g., Manuel v. City of Joliet*, 137 S.Ct. 911, 917–19 (2017); *Albright v. Oliver*, 510 U.S. 266, 273-74 (1994) (noting that the Fourth Amendment, "not the more generalized notion of 'substantive due process,' must be the guide" for analyzing such claims); *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1127 (9th Cir. 2002) (affirming dismissal of Fourteenth Amendment claim alleging false information in warrant affidavit).  Further, under the

1    Sixth Amendment, an accused in a criminal prosecution is entitled to a speedy trial, an impartial

2    jury, knowledge of the accusations against him, the ability to call and confront witnesses, and to

3    assistance of counsel in his defense.  U.S. Const. amend. VI.  As relevant to this case, the Sixth

4    Amendment guarantees the right to effective assistance of counsel.  *Strickland v. Washington*,

5    466 U.S. 668, 686, 104 S.Ct. 2052 (1984).

6    After pinpointing the specific constitutional rights at issue, "courts still must determine the

7    elements of, and rules associated with, an action seeking damages for its violation."  *Manuel*, 137

8    S.Ct. at 920 (citing *Carey v. Piphus*, 435 U.S. 247, 257–58, 98 S.Ct. 1042, (1978)).  "In defining

9    the contours and prerequisites of a § 1983 claim, including its rule of accrual," the Supreme Court

10   instructed courts to first look to the common law tort most analogous to the plaintiff's claim.  *Id*.;

11   *Bradford v. Scherschligt*, 803 F.3d 382, 387–88 (9th Cir. 2015) (citing *Wallace v. Kato*, 549 U.S.

12   384, 388–89, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007)).  "Sometimes, that review of common law

13   will lead a court to adopt wholesale the rules that would apply in a suit involving the most

14   analogous tort. But not always."  *Manuel*, 137 S.Ct. at 920 (citing *Wallace*, 549 U.S. at 388–90,

15   127 S.Ct. 1091; *Heck v. Humphrey*, 512 U.S. 477, 483–487, 114 S.Ct. 2364, (1994)).  "Common-

16   law principles are meant to guide rather than to control the definition of § 1983 claims, serving

17   'more as a source of inspired examples than of prefabricated components.'"  *Id*. at 921 (quoting

18   *Hartman v. Moore*, 547 U.S. 250, 258, 126 S.Ct. 1695 (2006)). "In applying, selecting among, or

19   adjusting common-law approaches, courts must closely attend to the values and purposes of the

20   constitutional right at issue."  *Id*.

21   The common law tort of legal malpractice is the most analogous to Plaintiff's claim. Legal

22   malpractice "is premised upon an attorney-client relationship, a duty owed to the client by the

23   attorney, breach of that duty, and the breach as proximate cause of the client's damages."  *Hewitt*

24   *v. Allen*, 118 Nev. 216, 220–21, 43 P.3d 345, 347 (2002) (citation omitted).  Legal malpractice

25   focuses on whether the attorneys adhered to the standard of care in their representation.  *Mainor*

26   *v. Nault*, 120 Nev. 750, 774, 101 P.3d 308, 324 (2004), abrogated on other grounds by *Delgado v.*

27   *Am. Family Ins. Group*, 125 Nev. 564, 570, 217 P.3d 563, 567 (2009).

28

To assert a claim for legal malpractice in Nevada, a plaintiff must allege: (1) an attorney-client relationship; (2) a duty owed to the client by the attorney to use such skill, prudence, and diligence as lawyers of ordinary skill and capacity possess in exercising and performing the tasks which they undertake; (3) a breach of that duty; (4) the breach being the proximate cause of the client's damages; and (5) actual loss or damage resulting from the negligence. *Mainor*, 120 Nev. at 774, 101 P.3d at 324. To state a claim for ineffective assistance of counsel, a criminal defendant must allege that counsel's performance fell below the objective standard of reasonableness and, but for counsel's errors, the result of the trial would have been different. *Strickland*, 466 U.S. at 688.

An action for legal malpractice or ineffective assistance of counsel does not accrue until the underlying proceeding or criminal case is resolved. In typical civil cases, where "there has been no final adjudication of the client's case in which the malpractice allegedly occurred, the element of injury or damage remains speculative and remote, thereby making premature the cause of action for professional negligence." *K.J.B., Inc. v. Drakulich*, 107 Nev. 367, 369, 811 P.2d 1305, 1306 (1991) (citation omitted). Damages accrue upon the resolution of the underlying legal action. *Hewitt*, 118 Nev. at 221. Likewise, a criminal defendant cannot state a claim of ineffective assistance of counsel until he has suffered prejudice (i.e., damages), even though he reasonably believes counsel committed errors or omissions during the course of the proceedings. *Clark v. Robison*, 113 Nev. 949, 951, 944 P.2d 788, 790 (1997) (noting that a " 'no relief–no harm' approach" was specifically adopted because "proximate cause does not exist until post-conviction or appellate relief is granted") (quoting *Morgano v. Smith*, 110 Nev. 1025, 1029, 879 P.2d 735, 737 (1994)).

The Nevada Supreme Court has expressly held that criminal defendants' claims for attorney malpractice "do not accrue or become actionable until they are granted appellate or post-conviction relief." *Clark*, 113 Nev. at 951–52, 944 P.2d at 790 (citation omitted). Thus, a criminal defendant's "malpractice claim is not ripe until post-conviction or appellate relief is granted," and he must plead that he has obtained such relief to survive dismissal. *Id.*; see also *Day v. Zubel*, 112 Nev. 972, 978, 922 P.2d 536, 539 (1996) (concluding that a § 1983 claim based

on a violation of the Sixth Amendment right to counsel accrued on the final termination of a criminal proceeding in the plaintiff's favor "because prior to that date it was impossible for [him] to file his claim for wrongful arrest, conviction, and incarceration because he was still subject to retrial and could have been re-convicted on the underlying sexual assault claim. Such a conviction would have eviscerated his civil rights claims.").  The purpose of delayed accrual is to prevent litigation where the underlying damage is speculative or remote, since alleged damage may vanish with successful prosecution of an appeal and the attorney's conduct may ultimately be vindicated by an appellate court.  *Semenza v. Nevada Med. Liability Ins. Co*., 104 Nev. 666, 668, 765 P.2d 184, 186 (1988) (citation and internal alterations omitted).

In addition, Supreme Court precedent shows that an ineffective assistance of counsel claim must be raised in direct appeals, post-conviction, or habeas corpus proceedings—not a § 1983 action. Claims for ineffective assistance of counsel are not recognized under § 1983, despite the statute's "literal applicability" to the Sixth Amendment, because specific appellate and habeas statutes apply.  *See Nelson v. Campbell*, 541 U.S. 637, 643, 124 S.Ct. 2117 (2004).  State prisoners must seek initially post-conviction relief in the state courts.  *See Morgano*, 110 Nev. at 1031 n.3, 879 P.2d at 739 n.3 (where a claim is "based primarily on the ineffective assistance of counsel, post-conviction proceedings, rather than civil proceedings, provide such litigants a more appropriate forum to present their claims").  Nevada law states that a claim for ineffective assistance of counsel must first be raised on direct appeal of a conviction.  *See* NRS 34.810(1)(b).5 Nevada also provides habeas relief for ineffective assistance of counsel claims.  *See* NRS 34.726(1).  Where a state habeas remedy is available, a plaintiff cannot seek federal habeas relief until he has first sought and been denied habeas relief in state courts.  *Preiser v. Rodriguez*, 411 U.S. 475, 477, 93 S.Ct. 1827 (1973). State prisoners must exhaust their state habeas claims before seeking relief under federal habeas statutes.  *See* 28 U.S.C. §§ 2241–66.6

Here, the Complaint (ECF No. 1-1) does not allege that Plaintiff has been granted appellate, post-conviction, or habeas relief.  Therefore, he has not pled the proximate cause element to demonstrate accrual of Sixth Amendment claims and no cause of action is available under § 1983. Accordingly, Plaintiff will be given leave to amend if he can correct the

1   deficiencies noted above and should include specific factual allegations setting forth each claim,

2   against each defendant, in order for the Court to determine if his claims are able to survive

3   screening.

4       **III.    Conclusion**

5       IT IS THEREFORE ORDERED that Plaintiff's Motion/Application to Proceed *in forma*

6   *pauperis* (ECF No. 1) is **granted**.  Plaintiff shall not be required to pay an initial partial filing fee.

7   However, even if this action is dismissed, the full filing fee must still be paid pursuant to 28

8   U.S.C. § 1915(b)(2).

9       IT IS FURTHER ORDERED that Plaintiff is permitted to maintain this action to its

10  conclusion without the necessity of prepaying any additional fees or costs or giving security

11  therefor.  This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance

12  of subpoenas at government expense.

13      IT IS FURTHER ORDERED that pursuant to 28 U.S.C. § 1915(b)(2), the Clark County

14  Detention Center shall pay to the Clerk of the United States District Court, District of Nevada,

15  twenty percent of the preceding month's deposits to Plaintiff's account (inmate #1195847), in the

16  months that the account exceeds $10.00, until the full $350 filing fee has been paid for this action.

17  If Plaintiff should be transferred and become under the care of the Nevada Department of

18  Corrections, the CCDC Accounting Supervisor is directed to send a copy of this order to the

19  attention of the Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box

20  7011, Carson City, NV 89702, indicating the amount that Plaintiff has paid toward his filing fee,

21  so that funds may continue to be deducted from Plaintiff's account. The Clerk shall send a copy

22  of this order to the CCDC Accounting Supervisor, 330 S. Casino Center Blvd., Las Vegas, NV

23  89101.

24      IT IS FURTHER ORDERED that the Clerk of the Court shall file Plaintiff's Complaint

25  (ECF No. 1-1), but shall not issue summons.

26      IT IS FURTHER ORDERED that the Complaint is dismissed without prejudice for failure

27  to state a claim upon which relief can be granted, with leave to amend.  Plaintiff will have until

28  **November 16, 2020** to file an amended complaint correcting the noted deficiencies.  If Plaintiff

chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) in order to make the amended complaint complete.  This is because, as a general rule, an amended complaint supersedes the original complaint.  Local Rule 15-1(a) requires that an amended complaint be complete in itself without reference to any prior pleading.   Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged.  **Failure to comply with this Order may result in the Court recommending that this action be dismissed**.

DATED: October 19, 2020.

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE