# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| COREY D. CHRISTENSEN,<br><br>Plaintiff,<br><br>v.<br><br>ROCHELLE T. NGUYEN, ET AL.,<br><br>Defendants. | Case No. 2:20-cv-01770-APG-DJA<br><br>**ORDER** |

This matter is before the Court on Plaintiff Corey D. Christensen's Ex Parte Motion for Appointment of Counsel and Request for Evidentiary Hearing (ECF Nos. 5-6), filed on October 28, 2020.

As for Plaintiff's Motion for Appointment of Counsel, civil litigants do not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). In very limited circumstances, federal courts are empowered to request an attorney to represent an indigent civil litigant. For example, courts have discretion, pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." *Ageyman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). The circumstances in which a court will make such a request, however, are exceedingly rare and require a finding of extraordinary circumstances. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir. 1986). The difficulties inherent in proceeding pro se do not qualify as exceptional circumstances. *Housewright*, 900 F.2d 1332, 1335-1336 (9th Cir. 1990). Any pro se litigant "would be better served with the assistance of counsel." *Rand v. Rowland,* 113 F.3d 1520, 1525 (9th Cir. 1997) (citing *Wilborn,* 789 F.2d at 1331).

To determine whether the "exceptional circumstances" necessary for appointment of counsel are present, courts evaluate (1) the likelihood of plaintiff's success on the merits and (2)

the plaintiff's ability to articulate his claim *pro se* "in light of the complexity of the legal issues involved." *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).  Neither of these factors is dispositive and both must be viewed together.  *Wilborn*, 789 F.2d at 1331.  Here, the Court does not find any exceptional circumstances.  Upon review of Plaintiff's Complaint and supporting documents, it is not clear that Plaintiff's claims are likely to succeed on the merits.  Further, the claims, such as they are, are not complex and the Court will deny his request for appointment of counsel.

As to Plaintiff's request for an evidentiary hearing, the Court finds that it is not meritorious.  As the Court thoroughly explained in its screening order, Plaintiff has been granted the opportunity to file an amended complaint by November 16, 2020 to correct the deficiencies in his complaint.  (ECF No. 3).  To the extent that he cannot correct those deficiencies or fails to file an amended complaint by the deadline, then the Court may recommend that this action be dismissed.  As Plaintiff does not have an operative complaint that has survived screening, the Court declines to hold an evidentiary hearing.

IT IS THEREFORE ORDERED that Plaintiff Corey D. Christensen's Ex Parte Motion for Appointment of Counsel (ECF No. 5) is **denied**.

IT IS FURTHER ORDERED that Plaintiff's Request for Evidentiary Hearing (ECF No. 6) is **denied**.

DATED: October 30, 2020.

DANIEL J. ALBREGTS  
UNITED STATES MAGISTRATE JUDGE